UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARVIN JONES                                      CIVIL ACTION

VERSUS                                               NO.  06-5275

MARLIN GUSMAN, ET AL                      SECTION "N" (4)

<u>ORDER AND REASONS</u>

The *pro se* plaintiff, Marvin Jones, filed a **Motion to Re-Consider (Rec. Doc. No. 25)** seeking reconsideration of the denial of his Motion to Compel (Rec. Doc. No. 16).[1]  The plaintiff requests that the Court reconsider the motion in light of his untimely reply memorandum (Rec. Doc. No. 23).

**I.        Standards of Review**

Motions to reconsider, filed within ten days of the order being challenged, are analyzed under Fed. R. Civ. P. 59(e).  *See St. Paul Mercury Insurance Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).  The court may grant the motion if the moving party demonstrates any of the following: (1) the judgment was based on a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; or (3) the motion is justified by an intervening change in the controlling law.  *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003).  A Rule 59(e) motion also may be granted in order to prevent manifest injustice. *See Flynn v. Terrebonne Parish School Board*, 348 F. Supp.2d 769, 771 (E.D. La.2004).

_____

[1]Rec. Doc. No. 22.

The United States Court of Appeals for the Fifth Circuit has held that, when considering a Rule 59(e) motion to reconsider, a district court should consider the following non-exclusive factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of evidence or arguments; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered.  *Sturges v. Moore*, 73 Fed. Appx. 777, 778 (5th Cir. 2003) (citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)).

## II.    **Analysis**

Upon receipt of Jones's original Motion to Compel, the Court ordered Jones to file a copy of the propounded discovery, along with the certificate of service by February 4, 2007.[2]  Jones was instructed that, without these documents, the motion would be denied for failure to comply with Uniform Louisiana Local Rule 7.4, which requires the plaintiff to submit with his Motion copies of all documentary evidence, including the subject discovery requests.  *See* L.R. 7.4.  In opposition to the plaintiff's Motion to Compel, Sheriff Gusman alleged that the plaintiff failed to serve the discovery and that he could not answer the discovery until provided with a copy.[3]

The plaintiff did not timely respond to the Court's order to provide the documents needed to support his motion.  On February 28, 2007, the Court denied the Motion to Compel for failure to provide the ordered documents and proof of service of the discovery on the defendant.

---

[2]Rec. Doc. No. 17.  The Court notes that due to a clerical error, the Order contained both a February 4, and February 7 deadline to filed the required the documents.  However, the error is immaterial to the disposition of this motion because the plaintiff filed to comply with either date.

[3]Rec. Doc. No. 19.

Coincidently, that same day, plaintiff's reply memorandum was filed and eventually docketed in the record on March 6, 2007.[4]  In the untimely reply, which Jones now asks the Court to consider, he provided a copy of a mail room receipt, which he suggests stands as proof that the discovery materials were mailed to counsel for Sheriff Gusman on October 20, 2006.  He also attached a copy of the proposed discovery.

A review of the record reflects that Jones has failed to provide this Court with proof that the defendant was served or that there was any error of fact or law in the Court's order denying the Motion to Compel.  The mail room certificate attached to his reply memorandum indicates that, on October 17, 2006, he requested postage for "USD CT ED" or the United States District Court for the Eastern District of Louisiana.  It also reflects that something was mailed to the Court on October 20, 2006.  There is nothing on the receipt to suggest that anything was directed for mailing to Sheriff Gusman or his counsel.

Furthermore, the plaintiff has still failed to indicate any effort to comply with Fed. R. Civ. P. 37(a)(2)(A), and the local rules of this court, which require him to certify that he conferred with opposing counsel to amicably resolve the discovery dispute and state why the parties were unable to agree or state that opposing counsel refused to so confer after reasonable notice.  L.R. 37.1E.

In addition, Jones has failed to meet any of the factors indicated above which would entitle him to reconsideration of the Court's denial of his Motion to Compel.  He has not shown any prejudice or that an injustice will occur if the Court does not reconsider its ruling.  For the foregoing reasons, the plaintiff is not entitled to reconsideration.

Accordingly,

---

[4]Rec. Doc. No. 23.

**IT IS ORDERED** that Jones's **Motion to Re-Consider (Rec. Doc. No. 25)** is **DENIED**.

New Orleans, Louisiana, this __9th__ day of _____July_____, 2007.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

4