## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARVIN JONES**                                                    **CIVIL ACTION**

**VERSUS**                                                                **NO.  06-5275**

**MARLIN GUSMAN;  STATE OF LOUISIANA;**      **SECTION "N"(4)**
**ORLEANS PARISH POLICE JURY;**
**AMERICAN CIVIL LIBERTIES UNION;**
**AZSY INSURANCE COMPANY; AND JOHN**
**AND/OR JOAN DOE**

### REPORT AND RECOMMENDATION

Before the Court are a **Motion to Dismiss Defendant State of Louisiana (Rec. Doc. No. 10)** filed by the State of Louisiana, and a **Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Rec. Doc. No. 20)** filed by Orleans Parish Criminal Sheriff Marlin Gusman.  The motions, along with the entire case, were referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.**     **Factual Summary**

The plaintiff, Marvin Jones ("Jones"), is incarcerated in the Allen Correctional Center ("Allen") in Kinder, Louisiana.  Jones filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the State of

Louisiana, the Orleans Parish Police Jury, the American Civil Liberties Union ("ACLU"), AZSY Insurance Company, and John and/or Joan Doe, seeking monetary damages for the alleged untimely evacuation and unsafe conditions of confinement as a result of Sheriff Gusman's negligence during Hurricane Katrina.[1]

A.    **The Complaint**

Jones alleges that he was housed in the Templeman Jail, Phase V, within the Orleans Parish Prison system ("OPP") on August 29, 2005, when the events that form the basis of this lawsuit occurred.  He complains that, although Gusman and his deputies knew that Hurricane Katrina was approaching, had a duty to evacuate the inmates, and failed to do so.  He further claims that his anticipation of the storm caused his blood pressure and stress, anxiety, fear and shame to rise in the days before the storm.

He further claims that he remained in Templeman V until September 1, 2005, with no food, drinking water, security, or electrical power.  Jones further claims that, on September 1, 2005, he was "herded" out of the unit into deep water and loaded into a boat.  He claims that he was taken to the Broad Street bridge, where he remained handcuffed to another inmate for five hours.  He claims that he was then loaded onto a bus and taken to the Elayn Hunt Correctional Center ("Hunt"), where he was left in a field to spend the night.  He claims that, while at Hunt, he was given only a blanket and he had to sleep on the ground in the cold and rain with mosquitoes biting him all night. He was also "thrown a sack lunch across the fence" which contained two sandwiches.

He further alleges that he left Hunt on September 3, 2005, and was taken to the Lafayette Parish Correctional Center in Lafayette, Louisiana.  There, he was given his first hot meal, clean

---

[1]Rec. Doc. No. 1.

clothes, and a shower.  He remained there until November 21, 2005, when he was sent back to Hunt. He states that he was eventually assigned to Allen Correctional Center, where he remains housed.

While at Allen, he first noticed a rash on his body.  The rash caused itching and pain.  The medical staff at Allen gave him medication.

Jones also alleges that he has named the ACLU as a defendant because they led him to believe that they would represent him in this action and then reneged on their offer.

Jones seeks $1 million per defendant in monetary damages and an injunction against the ACLU.

On March 5, 2007, on the recommendation of the undersigned Magistrate Judge, the Court dismissed without prejudice Jones's claims against the ACLU for failure to serve the defendant in compliance with Fed. R. Civ. P. 4(m).[2]

**B.**      **Pending Motions**

The State of Louisiana has filed a Motion to Dismiss for lack of jurisdiction under the Eleventh Amendment doctrine of sovereign immunity.  Sheriff Gusman has also filed a motion for judgment on the pleadings seeking dismissal of Jones's claims for failure to establish that Sheriff Gusman was aware that the approaching hurricane posed a substantial risk of serious harm or that he personally and intentionally disregarded the risk by failing to evacuate the inmates.  The Sheriff argues that he cannot be held vicariously liable under § 1983 for the actions and inactions of the unidentified deputies.

Prior to the consideration of these motions, the Court must conduct its statutory review for frivolousness.

---

[2]Rec. Doc. Nos. 18, 24.

II.     **Standards of Review**

A.     **Review for Frivolousness**

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**B.**   <u>**Review of a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**</u>

Under Rule 12(b)(1), the court may dismiss a complaint if it lacks jurisdiction over the subject matter.  *See* Fed. R. Civ. P. 12(b)(1).  In considering such a motion, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief.  *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint.  However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint.  *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972).  In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses  [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated.  An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir. 1976);  *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Finally, while conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions

are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

    C.    **Review of a Motion for Judgement on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)**

       Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard for addressing a Rule 12(c) motion is the same as that used for deciding motions to dismiss pursuant to Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1368 at 591).

       Thus, a motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Trust Co.*, 313 F.3d at 313 (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)). The query for the Court is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir.2000)).

       The Court can dismiss a claim under Fed. R. Civ. P. 12(c) when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)). In considering the motion, the pleadings should be construed liberally and judgment on the pleadings granted only if there are no disputed issues of fact and only questions of law remain. *Hughes*, 278 F.3d at 420 (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th

Cir.1998)).  "In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996)).

The Court will not, however, accept as true conclusory allegations or unwarranted deductions of fact.  *Great Plains Trust Co.*, 313 F.3d at 312-13 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Jones*, 188 F.3d at 324 (citations omitted).

### III.   Review for Frivolousness

#### A.   Claims Against the State of Louisiana

Jones has named the State of Louisiana as a defendant in this action, though he alleges no basis for its liability.  Nevertheless, the State of Louisiana is immune from suit of this type in federal court.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State.  *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984);  *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986).  A state may expressly waive this Eleventh Amendment sovereign immunity.  *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally);  *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986).  However, the State of Louisiana has not done so in this case.  To the contrary, La. Rev. Stat.

Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Therefore, the plaintiff's claims against the State of Louisiana should be dismissed for lack of jurisdiction and as frivolous.  In light of this conclusion, the Motion to Dismiss filed by the State of Louisiana should be dismissed as moot.

> **B.**      <u>**Claims Against Sheriff Gusman**</u>

Jones complains that Sheriff Gusman did not evacuate the inmates at OPP or leave provisions in the prison, which caused him to suffer fear and anxiety and to endure the untimely and negligently performed evacuation.  The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'"  *Estelle*, 429 U.S. at 102-03 (citations omitted).  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983.  However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate, like the unnamed deputies, allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the

deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Jones does not allege that Gusman was personally involved in the acts about which he complains or in the evacuation process itself. He has not alleged that Sheriff Gusman was personally involved in transporting him through the flood waters to the Broad Street bridge. His claims against the Sheriff are in this regard are based on a meritless legal theory.

Furthermore, to the extent Jones asserts that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In this case, Jones has made no such showing of an intentional indifference by Sheriff Gusman. Jones does not allege that Sheriff Gusman ignored a known risk of danger to his safety or medical needs. The flooding as a result of the levee breaches after Hurricane Katrina passed through the metropolitan area was unprecedented. Gusman was under no constitutional burden to protect Jones from the unknown.

Jones has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the Constitution, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998). For these reasons, a short term sanitation problem, although admittedly

unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995).  "[J]ails must provide only reasonably adequate hygiene and sanitation conditions."  *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)).

In sum, Jones has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting after Hurricane Katrina, one of the largest disasters that the United States has experienced in its history.  Jones recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances.

Without a showing of a deliberate indifference, Jones's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.  Having reached this conclusion under the statutory review for frivolousness, the Sheriff's Motion for Judgment on the Pleadings is rendered moot.

### C.   Orleans Parish Police Jury

Jones has also filed suit against the "Orleans Parish Police Jury."  The Court must recognize that there exists no such entity within the local government.  Furthermore,  Jones does not set forth any factual basis for his claim against the "Police Jury."  Without a specific allegation of a constitutional violation by a named defendant, the plaintiff's claims are frivolous and otherwise fail

to state a claim for which relief can be granted.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

      **D.**      **Unidentified Insurance Company and Other Parties**

Additionally, Jones has listed an unidentified insurance company as "the AZSY Insurance Company" and other unidentified individuals, John and/or Joan Doe, as defendants in this action. He does not set forth any facts related to these unidentified parties.  Jones also has not alleged the basis for their liability to him or their connection to the circumstances surrounding the evacuation of the prison.   Therefore, his claims against these unidentified parties should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

**IV.**      **Recommendation**

It is therefore **RECOMMENDED** that Jones's § 1983 claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Jones's § 1983 claims against Sheriff Gusman, the Orleans Parish Police Jury, the AZSY Insurance Company, and John and/or Joan Doe be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that the **Motion to Dismiss Defendant State of Louisiana (Rec. Doc. No. 10)** filed by the State of Louisiana, and the **Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Rec. Doc. No. 20)** filed by Sheriff Gusman be **DISMISSED as moot**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____10th_____ day of _____July_____, 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

13